UNITED STATES of America,
Plaintiff-Appellee,

v.

Dan HOLMAN, Defendant-Appellant.

No. 83–1189.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 31, 1983.

Decided March 9, 1984.

Rehearing Denied May 11, 1984.

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

Darwyn P. Fair, Deputy Federal Defender, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Patricia Reeves, Asst. U.S. Atty. (argued), Marcia G. Cooke, Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and JOHNSTONE, District Judge.*

JOHNSTONE, District Judge.

Dan Holman appeals the rejection of his plea agreement by the district court. Three specific questions are presented. First, whether at the time the plea was taken the district court unqualifiedly accepted the agreement reached between Holman and the government. Second, if the agreement was accepted, whether the court could later reject the bargain based on information contained in a presentence report. Third, if the court's rejection was improper, whether Holman's subsequent guilty plea pursuant to a new plea agreement cured the error. For the reasons stated below we find that the district court did unqualifiedly accept the agreement and became bound to the bargain, but that Holman's plea under the subsequent agreement bars objection to the court's action in the first plea taking.

## FACTS AND PROCEEDINGS BELOW

Holman was arrested in April of 1982 after allegedly using an iron pipe to strike a mailman. He was later indicted under 18 U.S.C. §§ 111 and 1114 for assaulting a federal officer. A plea agreement was reached between Holman and the government whereby Holman would plead guilty and the government would agree that a sentence no greater than one year and one day was an appropriate disposition of the case. On July 1, 1982, Holman appeared before the district court to make his plea. During the plea inquiry the court acknowledged the plea agreement and referred to it as providing "if the court accepts your plea of guilty and should decide to impose a custody sentence, that sentence would not exceed one year and one day and that there are no other promises." The court then accepted the guilty plea and ordered a presentence report.

The court learned through the presentence report that Holman had a history of criminal activity and mental problems, information which was unknown to the government when the plea agreement was reached. On the date set for sentencing the court informed Holman that it was rejecting the plea agreement and offered Holman an opportunity to withdraw his guilty plea. Holman withdrew his plea, but noted that it was his understanding that the plea agreement had been unconditionally accepted when his plea was taken. Holman later moved that the court reinstate the guilty plea and sentence according to the plea agreement. This motion was denied.

After these proceedings a new plea agreement was reached between Holman and the government under which Holman could be sentenced for up to thirty months. Holman then pled guilty and ultimately received the maximum sentence of thirty months.

## DISCUSSION

The procedures associated with the court's role in the plea agreement process are found in Rule 11(e) of the Federal Rules of Criminal Procedure. Subsection (1) describes the types of promises the attorney for the government can make. The promise made to Holman fits into category (C) since the government's attorney promised to "agree that a specific sentence [was] the appropriate disposition of the case." F.R. Cr.P. 11(e)(1)(C). With this type of agreement, "the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." F.R.Cr.P. 11(e)(2).

---

* The Honorable Edward H. Johnstone, Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

## I

The district court unquestionably accepted Holman's guilty plea. At issue is whether it also accepted the remainder of the agreement—that a sentence of no more than one year and one day was an appropriate disposition of the case. At the taking of the plea the court did not expressly indicate whether it was accepting or rejecting the agreement or whether it would defer its decision until after a presentence report had been prepared. This failure has left both sides to imply the status of the agreement at the time the plea was taken. Holman argues that accepting the guilty plea, after stating that the agreement provided "if the court accepts your plea of guilty and should decide to impose a custody sentence that sentence would not exceed one year and one day," amounted to an acceptance of the plea agreement. The government claims that by merely ordering a presentence report the court indicated that it was deferring its decision.[1]

█ When a defendant pleads guilty pursuant to a Rule 11(e)(1)(C) plea agreement, the status of the bargain should not have to be implied. The court should either accept or reject the agreement or defer its decision until it has considered the presentence report. F.R.Cr.P. 11(e)(2). It should select one of these alternatives and, at the time the plea is offered, inform the defendant of its choice. The government argues that Rule 11(e) does not expressly state when the defendant must be informed of the status of the plea agreement. It claims that this allows the court to give no indication at the time the plea is taken and then accept or reject the agreement after considering the presentence report. However, the context in which the options of acceptance, rejection or deferral are presented, indicates that the status of the agreement is to be given at the time the plea is offered. F.R.Cr.P. 11(e)(2). This interpretation is supported by the Advisory Committee notes, which state: "*Upon notice of the plea agreement,* the court is given the op-

tion to accept or reject the agreement or defer its decision until receipt of the presentence report." F.R.Cr.P. 11 advisory committee notes on 1974 amendments (emphasis added). Moreover, the government's position ignores the option of deferring a decision. If the court was free to accept or reject at any time there would be no need to include deferral as an option. The deferral option further indicates that the defendant should be informed of the status of the plea agreement at the time the plea is offered.

█ In Holman's case the court failed when taking the plea to indicate the status of the agreement. This failure now requires an implication as to what was intended. That implication must be construed against the court since it possessed control over clarity. Thus, the district court's failure to reject the bargain when it was offered, or to defer a decision, amounted to an acceptance of the agreement. *See United States v. Cruz,* 709 F.2d 111, 112 (1st Cir.1983).

## II

We now turn to whether the court, having unqualifiedly accepted the plea agreement, could subsequently reject the bargain based upon information contained in the presentence report.

█ We first note that an agreement under Rule 11(e)(1)(C) is designed to control sentencing. The acceptance and subsequent rejection of such an agreement does not involve double jeopardy issues as would acceptance and rejection of an agreement calling for a dismissal of other charges. *See Cruz,* 709 F.2d at 111 (involving dismissal of a felony charge pursuant to Rule 11(e)(1)(A) in return for defendant pleading guilty to a misdemeanor charge). "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco,* 449 U.S. 117,

---

1. Since Holman's plea agreement only set out a *maximum* sentence, ordering a presentence report is not inconsistent with acceptance of the agreement.

137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980). Nor does it "require that a sentence be given a degree of finality that prevents its later increase." *Id.*

 But even without the restraints of the double jeopardy clause a district court cannot unqualifiedly accept a plea agreement and later reject it. When a promise by the prosecutor induces a defendant to plead guilty that promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Once the court unqualifiedly accepts the agreement it too is bound by the bargain. *United States v. Blackwell,* 694 F.2d 1325, 1337–1340 (D.C.Cir.1982). *See also, Cruz,* 709 F.2d at 114–115. *United States v. Burruezo,* 704 F.2d 33, 38 (2d Cir.1983); *United States v. Herrera,* 640 F.2d 958, 960 n. 2 (9th Cir.1981). *See generally, United States v. Ocanas,* 628 F.2d 353 (5th Cir.1980) *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981) (noting that the trial court's acceptance or rejection plays a critical role in the plea agreement process); *United States v. Thomas,* 580 F.2d 1036 (10th Cir.1978) *cert. denied,* 439 U.S. 1130, 99 S.Ct. 1051, 59 L.Ed.2d 92 (1979) (treating a promise "on behalf of the judiciary" the same as a promise by the government).

In this case the subsequent rejection of the bargain was particularly inappropriate, since the court based its action on Holman's presentence report. *See Cruz,* 709 F.2d at 115. As stated above, if the court desired to consider the presentence report in making its decision it should have expressly deferred its decision at the time the plea was offered.

The government argues that allowing withdrawal of the guilty plea cures any error in the court's rejection of the plea agreement. There are two possible remedies for a broken plea agreement—specific performance of the agreement or permitting the defendant to withdraw the plea. *Santobello,* 404 U.S. at 262–263, 92 S.Ct. at 498–99. A major factor in choosing the appropriate remedy is the prejudice caused to the defendant by the breach. *See United States v. Delegal,* 678 F.2d 47 (7th Cir. 1982); *United States v. Runck,* 601 F.2d 968

(8th Cir.1979) *cert. denied,* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). If breach of an agreement calling for a specific sentence forces a defendant to proceed to trial, and the trial results in a greater sentence than the one involved in the agreement, then the prejudice would be clear. *Delegal,* 678 F.2d at 52. If Holman had elected to go to trial, and received a sentence greater than one year and one day, the only appropriate remedy would be specific performance of the agreement.

## III

Holman did not, however, go to trial. Instead, he chose to plead guilty pursuant to a new plea agreement. At the time of that plea Holman knew that his objections to the rejection of the first plea agreement had been presented and dismissed by the district court. Moreover, he knew that under the new plea agreement he could receive a custody sentence of up to thirty months. Entering into the new agreement with a full understanding of the possible consequences cured any prejudice possible from the first proceeding. *See United States v. Mack,* 655 F.2d 843, 848 (8th Cir. 1981). We therefore reject Holman's request for specific performance of the first plea agreement.

The judgment of the district court is affirmed.