831 F.2d 291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Fitzpatrick MILLER, Petitioner-Appellant,
v.
H.L. UNDERWOOD, Respondent-Appellee.
 No. 87-6065.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 26, 1987.
Decided: Sept. 28, 1987.
 
 Douglas Fitzpatrick Miller, appellant pro se.
 Katherine Baldwin Toone, Office of Attorney General, for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (C/A No. 86-240-R).
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Douglas Miller, a Virginia inmate, appeals from the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Miller alleges that a promise made to him in a plea agreement has not been kept. For the reasons given below, we vacate and remand for further proceedings.
 
 
 2
 Miller was serving a sentence with the Virginia Department of Corrections when he failed to return from a furlough in 1981. He was arrested in New York on October 7, 1982. Miller decided to plead guilty to willful failure to return from a furlough after a plea agreement was reached in which the prosecutor promised to recommend the minimum sentence of one year--with credit for time in custody awaiting trial. The agreement and Miller's plea of guilty were accepted by the Circuit Court for Pulaski County. From the record it appears that all parties expected the credit to be applied against Miller's new one year sentence. A letter written by Miller's attorney to the circuit court on February 20, 1984, indicates that he, Miller and the prosecutor at least had expected the credit to be applied in that way.
 
 
 3
 Credit for time in custody awaiting trial on an escape charge could not be awarded against Miller's new sentence. Va.Code Sec. 53.1-187. Moreover, under Va.Code Sec. 53.1-203 Miller had to begin serving the new one-year sentence immediately and was not eligible for parole during that term. Nor could any part of the one-year sentence be credited for the purpose of parole toward his prior sentence. Although Miller was given credit on his prior sentence for time in custody awaiting trial on the escape charge, it is undisputed that disallowance of the credit on the escape sentence was a disadvantage to him.
 
 
 4
 A guilty plea is not valid if it is based on a promise which goes unfulfilled. Santobello v. New York, 404 U.S. 257 (1971). If an unfulfillable promise made by a prosecutor induces a guilty plea, the plea is not valid even if the promise was made in good faith. United States v. Hammerman, 528 F.2d 326 (4th Cir.1975). The remedies for a broken plea agreement are specific performance of the agreement, apparently not possible here, or withdrawal of the plea. United States v. Holman, 728 F.2d 809 (6th Cir.), cert. denied, 469 U.S. 983 (1984). Accordingly, we vacate the judgment of the district court and remand this case for further proceedings. The district court should determine whether Miller received credit for time spent in jail awaiting trial in conformance with his plea agreement and, if not, whether his plea was induced by an unfulfillable promise made by the prosecutor. We grant a certificate of probable cause to appeal and dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.