UNITED STATES of America, Appellee,

v.

Thomas Richard WALKER, Appellant.

No. 89-5483.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1990.

Decided March 4, 1991.

Alvin E. Entin, Miami, Fla., for appellant.

Henry J. Shea, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

McMILLIAN, Circuit Judge.

Thomas Richard Walker appeals from a final judgment entered in the District Court [1] for the District of Minnesota, denying his motion to dismiss his indictment for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988). After appellant entered into a plea agreement, the district court sentenced him to a term of three years incarceration and a special assessment of $50.00. For reversal, appellant argues that the district court erred in denying his motion to dismiss the indictment because, although the appellant had performed his obligations under the plea agreement, the government had breached its obligation under the agreement.

On January 13, 1988, a federal grand jury in Minnesota indicted appellant for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Shortly after the indictment, appellant and the government began plea negotiations. After the agreement, appellant entered a guilty plea to the conspiracy charge in exchange for his being sentenced by the United States District Court for the Southern District of Florida. The agreement further provided:

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

The government will provide the United States Probation office the facts relating to the defendant's involvement in the offense charged in the Indictment. The prosecution version of the offense will be limited to the allegations in the Indictment.

When the Minnesota probation office prepared the presentence investigatory report (PSI), however, it included information not relating to the indictment. No one disputes the fact that the inclusion of this information violated the plea agreement.

The United States District Court for the Southern District of Florida refused to disregard this information and gave appellant the option of either being sentenced in Florida with the detrimental information considered, or of withdrawing his guilty plea and returning to Minnesota. Appellant withdrew his plea and returned to Minnesota.

Appellant filed a motion with the district court in Minnesota to dismiss the indictment, alleging that the government had breached the plea agreement. Although the district court denied the motion, it found that the district judge had unconditionally accepted the plea agreement and that there was no breach of the plea agreement by appellant. The district court decided that appellant was entitled to limited relief in order to prevent the government from obtaining a benefit at his expense. The district court determined that appellant was entitled to specific performance of the original plea agreement, with the exception of the provision for his being sentenced by the Southern District of Florida. Additionally, the district court instructed the Probation Office to use a PSI report that limited its information to the charge in the indictment. In the alternative, the district court offered appellant the option of proceeding to trial.

Appellant then entered into another plea agreement that complied with the district court's order. The agreement allowed appellant to enter a conditional guilty plea with leave to pursue this appeal. A second PSI was prepared. Appellant was found guilty in accordance with his plea, and sentenced to a term of three years incarceration and a special assessment of $50.00.

The issues addressed in this case are whether the government breached the original plea agreement, and whether the Minnesota district court abused its discretion in allowing appellant to withdraw his guilty plea or in denying his motion to dismiss the indictment.

## BREACH OF PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, a defendant may plead not guilty, guilty or nolo contendere. Fed. R.Crim.P. 11(a)(1). Once a plea agreement has been reached between the defendant and the prosecution, the court may accept, reject or defer its decision until consideration of the PSI. Fed.R.Crim.P. 11(e)(2). Whatever benefits the parties intend to reap as a result of this agreement are contingent entirely upon the approval of the trial court.

> Surely neither party contemplates any benefit from the agreement unless and until the trial judge approves the bargain and accepts the guilty plea. Neither party is justified in relying substantially on the bargain until the trial court approves it. We are therefore reluctant to bind them to the agreement until that time. As a general rule, then, we think that either party should be entitled to modify its position and even withdraw its consent to the bargain until the plea is tendered and the bargain as it then exists is accepted by the court.

*United States v. McGovern*, 822 F.2d 739, 744 (8th Cir.1987) (*McGovern*), *quoting United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981).

■ Once the court accepts the plea agreement without qualification, it cannot later reject it. *United States v. Holman*, 728 F.2d 809, 813 (6th Cir.1984). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d

427 (1971) (*Santobello*). The issue in this case is whether the government breached its promise to offer only the information relating directly to appellant's indictment.

■ There is no dispute that Walker upheld his obligations under the agreement. Walker argues that the government breached the agreement when the Florida Probation Office included information in the PSI report that was beyond the scope of the indictment. The government argues that it did not breach the agreement because the Florida district court judge ordered the Florida Probation Office to provide him with a complete presentence report, and because he expected to receive a complete report, such a report might contain facts about the appellant that were not obtained from the government, but from other sources. In essence, the government argues that if anyone breached the agreement, it was the Florida district court judge, who was not a party to the agreement. We agree.

While we acknowledge that the government includes the offices of the United States Attorneys in the District of Minnesota and the Southern District of Florida, we do not believe that they broke the agreement. Neither do we believe that the probation offices in either Minnesota or Florida breached the agreement. The agreement was broken, or rather rejected, by the district court in Florida. Once the Florida district court directed the Florida probation office to include all information in the PSI, the probation office could either lie, inform the court of the Minnesota agreement, or seek on its own to get the information from Minnesota or from other sources. In any event, the government had done all it could to fulfill its obligation.

### REMEDY

■ Although the government did not breach the agreement, the sequence of events in Florida resulted, in effect, in a rejected plea agreement. Once a "plea is rejected, both the defendant and the prosecutor are placed in their respective pre-plea agreement positions." *McGovern*, 822 F.2d at 744. Two possible remedies exist

for a broken plea agreement: specific performance or withdrawal of the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. In determining whether to grant specific performance, the trial court must examine the possible prejudice to the defendant, the conduct of the government, and the public interest. If the court finds that the detrimental reliance of the defendant is great, then the government, in fairness, must be held to its promises. *McGovern*, 822 F.2d at 746. Appellant presents three alternative remedies: (1) a dismissal of the indictment entirely, (2) an order of specific performance of the original plea agreement, or (3) an order that the Minnesota District Court enter a Florida penalty (for example, a one-year prison sentence). Both parties agree that specific performance is impractical in this situation because the Florida district court has already determined that it will sentence Walker with the additional information.

The Minnesota district court allowed Walker to withdraw his guilty plea and to enter into a new plea agreement. As the Supreme Court stated in *Santobello:* "The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require [specific performance or withdrawal of the guilty plea]...." *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. We hold that the Minnesota district court did not abuse its discretion in allowing appellant to withdraw his guilty plea or in denying his motion to dismiss the indictment.

This case is similar to *United States v. Holman*, 728 F.2d 809 (6th Cir.1984) (*Holman*), in which the district court, after unqualifiedly accepting the plea agreement, rejected the bargain on the basis of the PSI. Although the defendant in *Holman* would have been entitled to either specific performance or a withdrawal of the guilty plea, his subsequent action of entering into a new plea agreement cured any potential prejudice from the first proceeding. *Id.*, 728 F.2d at 813; *see also United States v. Mack*, 655 F.2d 843, 848 (8th Cir.1981) ("the second guilty plea proceeding removed any

prejudicial taint that arose from the previous plea proceedings").

Accordingly, we affirm the judgment of the district court denying appellant's motion to dismiss the indictment.

Judgment affirmed.