62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cardell BAILEY, Defendant-Appellant.
 No. 94-2129.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1995.
 
 Before: MILBURN and NORRIS, Circuit Judges, and BECKWITH,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant appeals the judgment and sentence entered following his guilty pleas to possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and fraud and related activity in connection with access devices in violation of 18 U.S.C. Sec. 1029(b)(1). On appeal, the issues are (1) whether defendant was denied due process of law when the government allegedly breached its promise to make a motion for a downward departure from the sentence range pursuant to Sec. 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."), and if so, (2) whether this case must be remanded to afford defendant an opportunity to withdraw his guilty pleas because the district court allegedly failed to comply with Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 11(e)(4) by not informing defendant on the record that he was rejecting the original Rule 11 plea agreement. For the reasons that follow, we affirm.
 
 I.
 
 2
 On July 6, 1993, a federal grand jury returned a two-count indictment against defendant. Count one charged defendant with possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Count two charged defendant with fraud and related activity in connection with access devices in violation of 18 U.S.C. Sec. 1029(b)(1).
 
 
 3
 On October 27, 1993, the government sent a letter accompanying a proposed Rule 11 plea agreement to defense counsel. In the letter, the government promised to make a Sec. 5K1.1 motion for a downward departure to 60 months based upon intelligence information defendant had provided to law enforcement authorities. This letter, which is not part of the record, is the basis for defendant's argument that his due process rights were violated when the government allegedly failed to keep its promise at the September 13, 1994 sentencing hearing.
 
 
 4
 On December 8, 1993, defendant pled guilty to both counts charged in the indictment pursuant to the Rule 11 plea agreement. The consequences of pleading guilty were discussed with defendant and defense counsel. In addition, the district court reviewed all of the terms and provisions of the Rule 11 plea agreement to satisfy itself that defendant understood them. The district court advised defendant that its decision to accept or reject the Rule 11 plea agreement would be delayed until after the district court had a chance to review the presentence report. The district court also advised defendant that if it rejected the plea agreement, defendant would be given the opportunity to withdraw any guilty pleas he had offered while relying on the plea agreement.
 
 
 5
 Defendant's sentencing was scheduled for August 12, 1994. Before going on the record that date, the district court invited counsel for both parties into chambers to discuss the probation department's presentence report and the proposed Rule 11 plea agreement. The district court inquired as to the government's position in light of certain discrepancies contained in the presentence report. The government, with the support of defense counsel, argued that an upward adjustment should be made to defendant's criminal history category because of a previously-undisclosed Kansas drug conviction, that the drug quantity calculated by the probation department was too high, and that the correct sentence range should be 97 to 121 months. The district court accepted the position of the parties on the newly agreed-upon sentence range. The district court then asked whether the government intended to make a Sec. 5K1.1 motion for a downward departure from the sentence range based on defendant's substantial assistance. The government stated it would still make the Sec. 5K1.1 motion that the sentence be reduced to 60 months. The district court then informed both counsel that it had received a letter from defendant saying that he was afraid for his safety and that of his family and that he did not wish to cooperate with the government. Finally, the district court advised both counsel that it was rejecting the government's Sec. 5K1.1 motion for a downward departure and the entire Rule 11 plea agreement because the maximum sentence under the plea agreement fell below the newly-determined sentence range. The district court adjourned the proceedings until August 30, 1994, to allow time for the parties to reach another plea agreement, or for defendant to decide whether to be sentenced without the above plea agreement or to go to trial.
 
 
 6
 On August 15, 1994, the government sent to defense counsel a proposed revised Rule 11 plea agreement that called for a maximum term of imprisonment of 97 months, the low end of the adjusted sentence range of 97 to 121 months. On August 30, 1994, the revised and signed Rule 11 plea agreement was provided to the district court in anticipation of a plea on that date. On September 13, 1994, defendant appeared with counsel before the district court for both a plea under the revised Rule 11 plea agreement and sentencing. The district court reviewed with defendant each of the changes in the revised Rule 11 plea agreement. Defense counsel requested a downward departure but did not object to the fact that the government did not make a Sec. 5K1.1 motion for a downward departure. The district court accepted the revised Rule 11 plea agreement and sentenced defendant to 97 months imprisonment in accordance with it. The district court also imposed four years of supervised release and a $100.00 special assessment. This timely appeal followed.
 
 II.
 A.
 
 7
 Defendant claims that he was denied due process of law when the government allegedly breached its promise to make a Sec. 5K1.1 motion for a downward departure from the sentence range because defendant detrimentally relied on that promise in entering his guilty pleas. The government concedes that if there was detrimental reliance upon any promises made by the government that were not carried out, the case should be remanded for resentencing according to those promises. However, the government argues that there was no detrimental reliance because defendant's plea was not procured by a false promise; thus, defendant's due process claim must fail.
 
 
 8
 The question whether the government has breached its promise in a plea agreement is reviewed de novo. However, determining what the parties agreed to in a plea agreement is a question of fact subject to the clearly erroneous standard. United States v. Fry, 831 F.2d 664, 666-67 (6th Cir. 1987); Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). It is well settled that a guilty plea must be both knowing and voluntary to be valid. Parke v. Raley, 113 S. Ct. 517, 523 (1992); Santobello v. New York, 404 U.S. 257, 261 (1971); Brady v. United States, 397 U.S. 742, 747 n.4 (1970); McCarthy v. United States, 394 U.S. 459, 466 (1969). "If a plea agreement is based in part on promises made as an inducement, the promises must be fulfilled. If the promises are not fulfilled, the defendant's case must be remanded for resentencing according to the original promises." United States v. Ykema, 887 F.2d 697, 699 (6th Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1062 (1990).
 
 
 9
 The record in this case makes clear that defendant did not detrimentally rely on any false promises in entering his guilty pleas pursuant to the revised Rule 11 plea agreement. In order for a defendant to state a due process claim for breach of a promise allegedly contained in a plea agreement, the defendant must have relied on that promise in entering into the agreement. Cf. United States v. Holman, 728 F.2d 809, 813 (6th Cir.) ("When a promise by the prosecutor induces a defendant to plead guilty that promise must be fulfilled."), cert. denied, 469 U.S. 983 (1984). At the status conference held on August 12, 1994, the government followed through on its original promise to make a Sec. 5K1.1 motion for a downward departure. The Sec. 5K1.1 motion was denied by the district court. This resulted in a revised plea agreement, which was not accompanied by a letter containing a promise that the government would make a Sec. 5K1.1 motion for a downward departure. At the September 13, 1994 sentencing hearing, the following exchange regarding the revised Rule 11 plea agreement took place between the district court and defendant:
 
 
 10
 THE COURT: All right. Now, further down on page 6, paragraph 3C says that if the government makes a motion for a downward departure in your sentence from the--from the sentencing range under the guideline, the government's recommendation, if the government makes that recommendation, would be for a sentence of not more than 72 months. Do you understand that's what this says?
 
 
 11
 THE DEFENDANT: Yes, sir.
 
 
 12
 THE COURT: Originally in the original agreement it said that the--if the government made that recommendation, the government would recommend that the sentence be not more than 60 months, and that's been changed now to 72 months. Do you understand that, sir?
 
 
 13
 THE DEFENDANT: Yes, sir.
 
 
 14
 THE COURT: You understand that the government's under no obligation to make any such recommendation at all. Do you understand that, sir?
 
 
 15
 THE DEFENDANT: Yes.
 
 
 16
 J.A. 113. This colloquy makes clear that there were no false promises by the government on which defendant relied in entering his guilty pleas pursuant to the revised Rule 11 plea agreement. Defendant did not detrimentally rely on the government's promise to make a Sec. 5K1.1 motion in entering his guilty pleas. Without detrimental reliance, defendant's due process claim must fail. Accordingly, this argument is dismissed.
 
 B.
 
 17
 Defendant also argues that his case must be remanded to afford him an opportunity to withdraw his guilty pleas because the district court failed to comply with Fed. R. Crim. P. 11(e)(4) by not informing him on the record that it was rejecting the original Rule 11 plea agreement and not giving him the opportunity to withdraw his guilty pleas. The government counters that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 and that any technical error in the proceedings should be considered harmless.
 
 
 18
 Fed. R. Crim. P. 11(e)(4) provides in relevant part:
 
 
 19
 If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court ... that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.
 
 
 20
 However, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). Thus, a plea of guilty will not be reversed on appeal because of the district court's failure to comply with Rule 11 unless the non-compliance affected the substantial rights of the defendant. United States v. Stead, 746 F.2d 355, 356 (6th Cir. 1984), cert. denied, 470 U.S. 1030 (1985). The guilty plea will be affirmed so long as the record reflects substantial compliance with the provisions of Rule 11. Id. at 357.
 
 
 21
 In this case, it appears from the record that the district court substantially complied with the provisions of Rule 11 by assuring that defendant understood that the original Rule 11 plea agreement had been rejected. At the September 13, 1994 sentencing hearing, the district court asked defendant whether he had signed the revised Rule 11 plea agreement, whether he had carefully read it, whether he had gone over it with his attorney, and whether he understood it. The district court carefully reviewed with defendant each of the changes in the revised plea agreement:
 
 
 22
 THE COURT: All right. I'm just going to ask you just about the changes. We went over this agreement at great length when--when the original Rule 11 agreement was signed. Do you recall that?
 
 
 23
 THE DEFENDANT: Yes, sir.
 
 
 24
 THE COURT: That's the time you offered your plea of guilty, and I went over it very meticulously with you, but now we've got this revised agreement, and there are some changes made in it, and I'm just going to go over the changes. Okay?
 
 
 25
 THE DEFENDANT: Yes.
 
 
 26
 THE COURT: All right. If you'll turn over to page 3, in paragraph--in paragraph 2C it says that pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed 97 months. Do you understand that that's what this agreement provides, that--that the maximum sentence you can receive will be 97 months?
 
 
 27
 THE DEFENDANT: Yes, sir.
 
 
 28
 THE COURT: All right. It previously had said in an earlier version of this 87 months, and its now been changed to 97 months. You do understand that.
 
 
 29
 THE DEFENDANT: Yes, sir.
 
 
 30
 THE COURT: All right.
 
 
 31
 J.A. 110-11. The district court continued by asking the questions quoted above regarding the absence from the revised Rule 11 plea agreement of a promise that the government would make a Sec. 5K1.1 motion for a downward departure. Thus, the sentencing transcript makes clear that defendant knew and understood that the revised plea agreement contained a different sentence range.
 
 
 32
 In addition, the district court had informed defendant at the December 8, 1993 plea hearing that he could withdraw his guilty pleas if the district court rejected the original Rule 11 plea agreement. At the August 12, 1994 status conference, defendant's attorney was informed that the district court was rejecting the original plea agreement. Although the district court's rejection of the original plea agreement was not initially placed on the record, defendant must have known that his original plea agreement had been rejected because he was not sentenced on that date and because the matter was adjourned until August 30, 1994, to allow defendant time to decide whether to enter into a revised plea agreement or proceed to trial. Thus, it is of no consequence that the district court failed to explicitly and personally inform defendant that he could withdraw his guilty pleas at the time it rejected the original plea agreement. In United States v. Moored, 997 F.2d 139, 143 (6th Cir. 1993), we stated, "[W]e find no error in the district court's failure to explicitly offer Defendant the opportunity to withdraw his plea, given that Defendant did not ask to do so and has not stated that he would have done so if the opportunity had been presented." Similarly, there is nothing in the record in this case to suggest that defendant would have withdrawn his guilty pleas had he explicitly been offered the opportunity to do so. See id. But see United States v. Hammerman, 528 F.2d 326, 332 (4th Cir. 1975) (applying Fed. R. Crim. P. 11(e)(4) strictly and remanding the case with instructions that the defendant be allowed to withdraw his guilty plea). Instead, defendant negotiated a revised plea agreement, which further indicates that he knew that the plea agreement he had previously entered into had been rejected. Therefore, we reject defendant's argument. The district court's failure to comply with Rule 11 constitutes harmless error as no substantial rights of defendant have been affected.
 
 III.
 
 33
 For the reasons stated, the judgment and sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation