106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee Andrew QUALLS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1238.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment dismissing a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Lee Andrew Qualls was named in an indictment in connection with a series of fraudulent transactions. Qualls eventually agreed to plead guilty to one count of the indictment, but before sentencing it was discovered that Qualls had continued his fraudulent activities while free on bond. The parties reworked the agreement to reflect Qualls's conduct with a resultant increase in the sentencing range. The court found Qualls guilty of one count of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and sentenced him to a fifty-seven month term of imprisonment. Qualls did not take a direct appeal from this conviction.
 
 
 3
 In 1995, Qualls filed the present motion to vacate sentence in which he challenged the constitutionality of the criminal conviction. The district court dismissed the motion sua sponte and this appeal followed. The parties have briefed the issues; Qualls is proceeding without benefit of counsel.
 
 
 4
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 Qualls was a participant in a scheme to counterfeit and utter worthless checks drawn upon financial institutions, most notably the First of America Bank. Qualls originally entered into an agreement whereby he would plead guilty to one count of the indictment with an attendant exposure of thirty-three to forty-one months incarceration. On May 26, 1993, Qualls appeared before United States District Judge Horace Gilmore to offer his plea. The court engaged Qualls in the Fed.R.Crim.P. 11 colloquy, stated that Qualls's plea would be accepted and noted that the Rule 11 plea agreement would be taken under advisement. Qualls was released pending sentencing.
 
 
 6
 The government moved to revoke Qualls's bond prior to sentencing on the basis of his failure to report as ordered and because the government apparently received information that Qualls had engaged in new, post-plea fraudulent activity. The parties then entered into a second plea agreement to reflect this newer, previously uncharged conduct. The second agreement contemplated a range of forty-six to fifty-seven months and the government agreed to make a non-binding recommendation that Qualls receive a maximum of fifty-three months incarceration.
 
 
 7
 The matter proceeded to sentence. Judge Gilmore expressed his concern with Qualls lengthy history of fraudulent conduct and proceeded to sentence Qualls to a fifty-seven month term of imprisonment, four months above the government recommendation but still at the top of the range. Qualls did not take a direct appeal from the conviction or sentence.
 
 
 8
 In 1995, Qualls filed a motion to vacate sentence in which he challenged the constitutionality of his conviction and sentence on two grounds. Qualls contended that his initial plea agreement was improperly breached and that he was denied the effective assistance of trial counsel. Qualls requested that he either be given specific performance of the initial agreement (with the lower sentencing range) or that he be permitted to withdraw his plea. The district court concluded that neither ground for relief had any merit and summarily dismissed the motion. On appeal, Qualls raises the same basic claims set forth in his motion to vacate.
 
 
 9
 Qualls's first claim lacks merit. The core of Qualls's motion is that he was entitled to have the initial plea agreement honored and, by his definition, this means that the original guideline sentence range should have been imposed. Qualls's argument selectively ignores the reality of the plea negotiations as clearly reflected by the record. The initial agreement is based, in part, on the promise of the prosecutor to arrive at the sentencing range indicated based on the understanding of Qualls's criminal history and the offense conduct. The record shows that the range was altered by the discovery of other offense conduct committed by Qualls after the entry of his plea so that the parties renegotiated the agreement. Qualls unequivocally ratified the terms and the reason for the new agreement in open court with counsel. One entering into a new plea agreement with a full understanding of the possible consequences cures any possible prejudice resulting from the alleged wrongful rejection of the first agreement by the court. United States v. Holman, 728 F.2d 809, 813 (6th Cir.), cert. denied, 469 U.S. 983 (1984).
 
 
 10
 Qualls's second ground for relief is ineffective assistance of trial counsel and is almost wholly derivative of his first ground for relief. Qualls insists that his trial counsel should have demanded specific performance of the original plea agreement and he also challenges the agreed valuation of loss figures upon which his base offense level was calculated.
 
 
 11
 One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 12
 The district court accurately noted that Qualls does not satisfy Hill as he has never contended that he would have gone to trial absent the alleged ineffectiveness of his counsel. In addition, the valuation of loss was a part of a freely negotiated agreement. The paucity of evidence supporting this figure simply is not relevant in this context. A defendant who expressly agrees to a fact upon which a guideline range is based is estopped to challenge the accuracy of that fact on appeal. United States v. Nesbitt, 90 F.3d 164, 167-68 (6th Cir.1996). This appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.