# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2940

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| Jose Rivera, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 14, 2006
Filed:  December 26, 2006

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Rivera appeals the 188-month sentence imposed after he pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a substance containing methamphetamine, 50 grams or more of a substance containing crack cocaine, and 5 kilograms or more of a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846.  He argues the district court[1] abused its discretion in rejecting his initial plea agreement.  We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

On October 20, 2004, a grand jury returned a four-count indictment charging Rivera with drug and firearm crimes. On August 4, 2005, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a plea agreement was filed with the court in which Rivera agreed to plead guilty to the drug conspiracy count of the indictment, cooperate with the government, and waive certain rights in exchange for the government's promise to drop the remaining charges. The parties agreed Rivera should be imprisoned for 168 months. On August 5, 2005, consistent with the plea agreement, Rivera pleaded guilty to the drug conspiracy count. Pursuant to Rule 11(c)(3), the district court accepted Rivera's guilty plea but deferred acceptance of the plea agreement pending review of the presentence report (PSR). The PSR recommended a U.S. Sentencing Guidelines (Guidelines) advisory imprisonment range of 235-293 months which reflects an offense level of thirty-seven with a Category II criminal history.

On February 28, 2006, the district court rejected the plea agreement explaining: (1) the 168-month plea agreement sentence fell twenty months below the low end of the most lenient advisory Guidelines calculations[2] and sixty-seven months below the low end of the range recommended in the PSR; and (2) Rivera's co-defendant and brother, regarded by the PSR preparer and at least one witness as similarly culpable, was sentenced to 292 months imprisonment following a jury trial. The district court determined the plea agreement lacked a "justifiable reason," within the meaning of Guideline § 6B1.2(c)(2)(A), to depart from the advisory Guideline range as stated in the PSR. The district court informed Rivera of his right to withdraw his guilty plea.

---

[2]In a letter dated February 22, 2006, the United States represented the proposed 168-month sentence would not undermine the goals of sentencing but acknowledged the plea agreement reflected a Guidelines calculation error and the low end of Rivera's imprisonment range should have been 188 months which reflects an offense level of thirty-five with a Category II criminal history.

On May 24, 2006, the United States and Rivera filed a new, non-cooperation plea agreement based on an offense level of thirty-five with a Category II criminal history; the parties agreed Rivera should be sentenced within a Guidelines range of 188-235 months. At a July 12, 2005 plea and sentencing hearing, the district court accepted the second plea agreement after determining Rivera's guilty plea was knowing, intelligent, and voluntary. The court sentenced Rivera to a term of 188 months imprisonment.

On appeal, Rivera contends the district court failed to appropriately consider the factors set forth in 18 U.S.C. § 3553(a) in rejecting the first plea agreement. While he concedes the Guidelines range "is a starting point" and an important sentencing factor for consideration of a Rule 11(c)(1)(C) agreement, Rivera argues a court "must vary" from the Guidelines where other § 3553(a) factors would render a sentence within the Guidelines unreasonable. He also asserts the district court improperly "entered the plea bargaining process" when it adopted the PSR's facts and conclusions and determined the first plea agreement would create a disparity between Rivera's proposed sentence and his brother's sentence and undermine the Guidelines.

"Whether to approve or reject a plea agreement is a matter confided to the sound discretion of the trial court" which is reviewed for abuse of discretion. United States v. Nicholson, 231 F.3d 445, 451 (8th Cir. 2000). Rivera does not contend the district court participated in any of the discussions between the United States and Rivera which preceded the entry of the first plea agreement. Presented with the first plea agreement, the district court did not modify it in any way but rejected it in its entirety, gave Rivera the opportunity to change his plea, and directed the parties to inform the court of how they intended to proceed. Thus, we find the district court did not meddle in the plea bargaining process.

We need not and do not reach any of the other issues Rivera presents for review. Rivera chose to affirm his guilty plea and enter into the second plea agreement which called for a sentencing range of 188-235 months. The district court

sentenced Rivera to a term at the lowest end of this range. Rivera does not contest the district court's finding he knowingly, intelligently, and voluntarily agreed to the second plea agreement. Therefore, regardless of whether the district court properly rejected the first plea agreement, Rivera's second plea agreement was made with a full understanding of the possible consequences and therefore cured any prejudice possible from the first proceeding. See United States v. Walker, 927 F.2d 389, 391 (8th Cir. 1991) (noting a defendant's "subsequent action of entering into a plea agreement cured any potential prejudice from the first [plea agreement] proceeding"); United States v. Olesen, 920 F.2d 538, 543 (8th Cir. 1990) ("If the district court had merely rejected the agreement and allowed the parties to renegotiate, this court could have affirmed the sentence based on the subsequent plea agreement."); cf. United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.").

Accordingly, we affirm.

_____