**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe SANCHEZ, Defendant-Appellant.**

**No. 79–1246.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1980.

Tom Mills, Elizabeth Unger Carlyle, William T. Knox, Dallas, Tex., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before FAY, RUBIN and HATCHETT, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue is whether a defendant's attempt to plead guilty to a lesser included offense, rejected by the district judge, bars the government's prosecution of the original offense. Joe Sanchez was indicted on a charge of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Sanchez and the government entered into a plea agreement whereby Sanchez would plead guilty to a superseding information charging him with possession of heroin, a violation of 21 U.S.C. § 844(a).[1] When the plea was tendered, the district judge stated that she would accept it "temporarily" until she had studied the probation report.[2] In a later order the judge rejected the plea agreement. However, Sanchez persisted in his plea of guilty to the lesser charge of possession and moved to dismiss the indictment for distribution on double jeopardy grounds. The court denied the motion, and Sanchez was tried and convicted on the distribution charge. We affirm the trial court.

"[T]he Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." Brown v. Ohio, 1977, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196. We have not yet decided whether possession of heroin is included in the offense of distribution of heroin, so that prosecution on the lesser offense would preclude later proceedings on the greater, and resolution of that question is not essential here. However, we assume arguendo that possession is a lesser included offense of distribution. See United States v. Howard, 8 Cir. 1974, 507 F.2d 559.

Jeopardy attaches with the acceptance of a guilty plea. See United States v. Jerry, 3 Cir. 1973, 487 F.2d 600, 606. Therefore, if possession were a lesser included offense, acceptance of a guilty plea to that charge would bar later prosecution on the distribution charge.[3] However, the tender of a guilty plea either to the offense charged or to a lesser offense does not require the court to accept it; when a plea agreement has been made between the defendant and the prosecution, the court retains discretion to accept or reject their negotiated disposition. See United States v. Bean, 5 Cir. 1977, 564 F.2d 700, holding that a trial judge is allowed wide discretion in considering plea agreements. The court holds the fulcrum of the scales of justice; prosecution and defendant may bargain, but weighing the result of their negotiations and deciding whether to accept or reject it is the duty as well as the province of the bench.

The plea agreement and the plea were inextricably bound up together, and acceptance or rejection of one by the judge meant acceptance or rejection of the other. Rule 11 of the Federal Rules of Criminal Procedure[4] does not in express terms cover this

1. The maximum possible punishment for possession is a term of imprisonment of one year or a fine of $5,000 or both, as opposed to a term of imprisonment of fifteen years for distribution or a fine of $25,000 or both.

2. We do not reach the issue whether the trial judge fully complied with Rule 11 of the Federal Rules of Criminal Procedure in taking the guilty plea because of her later rejection of the plea agreement and thus the plea. See United States v. Dayton, 5 Cir. 1979, 604 F.2d 931 (en banc).

3. Cf. United States v. Hernandez, 5 Cir. 1979, 591 F.2d 1019 (en banc) (sentence under 21 U.S.C. § 841(a)(1) for possession with intent to distribute combined with consecutive sentence under the same statute for distribution imposed double punishment).

4. Rule 11(e)(4) states:
    Rejection of a Plea Agreement. If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant

situation, but we find that the judge did not violate its purpose. Rule 11(e) allows the government and a defendant to reach a plea agreement reducing a charge to a lesser offense; it states that the court may accept or reject their agreement, or may defer its decision. The judge in this case took the middle road—she accepted the agreement conditionally while at the same time deferring her final decision until she had studied the probation report.[5] Her chosen path may not have been the wisest under the circumstances; certainly it was not error. *See generally* American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 3.3 (1967).

"The Fifth Amendment's prohibition against placing a defendant 'twice in jeopardy' represents a constitutional policy of finality for the defendant's benefit in federal criminal proceedings." *United States v. Jorn,* 1971, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543, 553. That policy has not been offended in this case: no final judgment was entered on the lesser included offense, Sanchez has not been subjected to the harassment of successive prosecutions and there is no question of multiple trials or multiple punishments. Because the judge made it clear that she was taking the agreement under advisement, jeopardy did not attach and she acted within the bounds of her discretion in rejecting the agreement and the plea after full consideration of the case.

For the above reasons, we AFFIRM.

---

than that contemplated by the plea agreement.

5. The transcript of the plea agreement proceeding makes it clear that all the parties knew that the plea was being accepted conditionally. At the beginning of the proceeding, the judge stated, "Well, I will only accept the plea temporarily, I will tell you. I could change my mind about it when I get the Probation Report." And later, in response to hearing the terms of the agreement, the judge stated, "Well, now, I would like to say to you that does not entirely please me. I will take the plea bargain at this time and at a later time when I have had an opportunity to investigate it further I will determine whether to accept it. If I do not accept it you may withdraw your plea of guilty and take a not guilty plea and I will take a not guilty plea on the Indictment." Thus it was perfectly clear that the judge was accepting the plea temporarily until such time as she had studied the matter further.