**UNITED STATES of America, Appellee,**

v.

**Carlos Rodriguez CRUZ, Defendant, Appellant.**

**No. 82–1600.**

United States Court of Appeals, First Circuit.

Argued Feb. 11, 1983.

Decided June 8, 1983.

Nicolas Nogueras, Jr., San Juan, P.R., for appellant.

Jose A. Quiles, U.S. Atty., Hato Rey, P.R., for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The question in this case is whether a district court judge can unqualifiedly accept a bargained guilty plea and subsequently reject it on the basis of information contained in the presentence reports of the defendant and two codefendants. A rehearsal of the proceedings below is necessary.

Defendant-appellant, Carlos Rodriguez Cruz, was indicted on July 8, 1981, for aiding and abetting and possessing with intent to distribute one hundred twenty-five grams of cocaine in violation of 21 U.S.C. § 841(a)(1), a felony, and in violation of 18 U.S.C. § 2. Three other defendants were also so charged. In the second count of the two-count indictment one of the other three defendants was charged with assault by use of a dangerous weapon (handgun) on DEA agents.

Trial was scheduled for October 11, 1981. At that time two of the other defendants

pled guilty,[1] and sentencing was set for December 11 so that the court could go over the presentence reports. Pursuant to a plea bargain between defendant and the government, the United States Attorney filed an information charging defendant with simple possession of cocaine in violation of 21 U.S.C. § 844(a), a misdemeanor. As part of the plea bargain the government agreed to recommend that defendant be placed on probation pursuant to 21 U.S.C. § 844(b)(1). The alternative sentence available under the information was imprisonment for not more than one year, a fine of not more than $5,000, or both. 21 U.S.C. § 844(a). Under the indictment offense the sentence for a first offender, as defendant was, is a term of imprisonment of not more than fifteen years, a fine of not more than $25,000, or both, plus a special parole term of at least three years. 21 U.S.C. § 841(b)(1)(A).

After being informed of the plea bargain and the government's recommendation, the court questioned the defendant extensively to determine if he understood "the rights you are waiving; the punishment provided by statute, and that there is a basis in fact for your change of plea." The defendant was informed that the prosecutor's recommendation of probation was not binding on the court and that he could receive the maximum sentence under the statute of a fine of $1,000 or imprisonment for not more than one year, or both. At the conclusion of defendant's interrogation the court stated:

> After having addressed the Defendant personally, after having ascertained that he knows what is contained in the information filed this morning with the Court and that he knows his right to a trial by jury and the effects of pleading guilty, whereby he is waiving all his rights; he knows what the maximum punishment is and he is voluntarily pleading guilty, therefore I will accept the same and a judgment of guilty would be entered as to the one count information.

> I will order a pre-sentence report and at the time the same has been prepared

we would set the case for sentence. The defendant may remain under the same conditions of bond.

There is no doubt that the district court complied fully with Federal Rule of Criminal Procedure 11(c). It is also clear that the court unqualifiedly accepted the plea bargain. It did not defer acceptance or rejection of it until it had an opportunity to consider the presentence report, as it might have under Federal Rule of Criminal Procedure 11(e).

On December 11, the day of sentencing, the court rejected the plea bargain. It stated that after reading the presentence report of the other two defendants who had pled guilty as well as that of defendant, it thought that all three were equally involved. The court said that in light of the sentences of four and eight years imprisonment given to the other two defendants, justice would not be done in defendant's case if probation for one year were the sentence.

After the court rejected the plea bargain, it stated that the matter would be assigned to another judge. The government then moved orally to dismiss the information and proceed to trial on the original indictment. The court refused to rule on this motion on the grounds of recusal.

On December 22, 1981, the government moved in writing to dismiss the information and have the case proceed to trial on the original indictment. The judge reconsidered the extent of his recusal and granted the motion in a detailed opinion. 539 F.Supp. 231 (D.P.R. 1982). The case was then assigned to another judge for trial.

Defendant filed a notice of appeal claiming, *inter alia,* that his constitutional right against double jeopardy had been violated and citing *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), as the basis for an interlocutory appeal. At the same time, defendant also filed a motion for stay of trial, which was granted.

An impressive number of federal cases are nearly unanimous in holding that jeop-

1. The case has been closed as to all of the other    defendants.

ardy attaches upon the court's acceptance of a guilty plea. *E.g., United States v. Sanchez,* 609 F.2d 761, 762 (5th Cir.1980); *United States v. Cambindo Valencia,* 609 F.2d 603, 637 (2d Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 795 (1980); *United States v. Bullock,* 579 F.2d 1116, 1118 (8th Cir.) (per curiam), *cert. denied,* 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978); *United States v. Jerry,* 487 F.2d 600, 606 (3d Cir.1973); *United States v. Rocco,* 397 F.Supp. 655 (D.Mass.1975); *Stowers v. State,* 266 Ind. 403, 363 N.E.2d 978, 982 (Ind.1977); *see also United States v. Williams,* 534 F.2d 119, 121 (8th Cir.) (assuming without deciding), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).

In *United States v. Sanchez,* 609 F.2d 761, a case strikingly similar to the one at bar, a defendant was tried and convicted of distri-

bution of heroin after the trial court rejected a plea bargain for simple possession. While the Fifth Circuit rejected the defendant's claim of double jeopardy, it emphasized that the district court had expressly accepted the plea "temporarily," pending consideration of the probation report ("I will only accept the plea temporarily, I will tell you. I could change my mind about it when I get the Probation Report.... I will take the plea bargain at this time and at a later time when I have had an opportunity to investigate it further I will determine whether to accept it."). Here, by contrast, the court expressed no such reservation.

■ None of these cases, however, analyze in depth the reasons for the application of the double jeopardy rule and all of them are factually distinguishable from the situation before us.[2] For several reasons we do

---

**2.** *United States v. Cambindo Valencia,* 609 F.2d 603, involved a simple claim that a later conspiracy prosecution was barred by a guilty plea in another conspiracy case years earlier. The question was whether the two conspiracies were actually one, and the result would have been the same whether jeopardy attached in the earlier case upon acceptance of the guilty plea or entry of judgment.

*United States v. Bullock,* 579 F.2d 1116, was a petty offense prosecution for unlawful taking of migratory birds. At first, the government sent defendants a notice of violation indicating that they could forfeit bond of $100 in lieu of standing trial. A superseding information was filed a few days later, but only after the defendants had sent in checks for the $100. Noting that the checks were returned uncashed, and that the process of "arraignment and pleading" "[t]raditionally ... has not been viewed as amounting to jeopardy," the court rejected their claim of double jeopardy. Whatever the court's reasoning, it seems plain that no plea was ever accepted: even if mailing a check is tantamount to tendering a plea, the checks were returned uncashed—*i.e.,* there was no acceptance. Thus, the court's observation that jeopardy attaches upon acceptance of a guilty plea were not strictly necessary to the decision.

In *Stowers v. States,* 266 Ind. 403, 363 N.E.2d 978, as in *United States v. Sanchez,* 609 F.2d 761, the court deferred decision on proffered plea bargains pending consideration of presentence reports.

In *United States v. Jerry,* 487 F.2d 600, the defendant moved prior to sentencing to withdraw his guilty plea. The court first granted the motion, then rescinded its grant as "im-

providently issued" upon motion by the government. Upon renewal by the defendant, the court again denied the motion to withdraw the plea, and imposed sentence. Although the court held that jeopardy attached on acceptance of the plea, it noted that double jeopardy "policy" was "not offended" because "*no final judgment was entered*" and because the defendant was "not subjected to the harassment of successive prosecutions." 487 F.2d at 606 (emphasis added). Moreover, whether or not jeopardy attached upon acceptance of the guilty plea, the crux of the court's holding was that the defendant had waived double jeopardy objections in the first place by moving to withdraw his plea.

*United States v. Rocco,* 397 F.Supp. 655, was a case involving a multicount indictment charging included offenses in separate counts, in which the government sought to proceed to trial on the higher count after the defendant had pled guilty to the lesser count, the court having immediately accepted the plea. The case is thus distinguishable on its facts; and if not distinguishable, it may simply have been wrongly decided. *See United States v. Combs,* 634 F.2d 1295 (10th Cir.1980), holding *contra* in a comparable situation.

Finally, the court in *United States v. Williams,* 534 F.2d 119, merely "assumed" that jeopardy attaches upon acceptance of a guilty plea, but did not actually decide the question. Moreover, the case involved retrial on original charges after the defendant had his guilty plea to a lesser included offense vacated in postconviction proceedings on procedural grounds. When jeopardy would normally attach was irrelevant, since the whole process could be

not think that jeopardy must attach automatically and irrevocably in all instances when a guilty plea is accepted. Acceptance of a guilty plea to a lesser offense carries no implied acquittal of the greater offense and for this reason is not the same as a verdict. *See Klobuchir v. Commonwealth of Pennsylvania,* 639 F.2d 966 (3d Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 474 (1981); *Hawk v. Berkemer,* 610 F.2d 445 (6th Cir.1979). Moreover, the "ordeal" of a Rule 11 proceeding is significantly different from the ordeal of trial: Rule 11 hearings are not trials, and the defendant here was never in jeopardy of conviction on any charge except the lesser offense to which his plea was offered. We agree that jeopardy must attach somewhere and bar reconsideration at some point, but acceptance of the plea is not the only possible point.

It could be argued that jeopardy should attach to a guilty plea only upon imposition of sentence and formal pronouncement or entry of judgment. This would give maximum flexibility to the court while still fixing a clear point of finality and repose. *See United States v. Combs,* 634 F.2d 1295, 1298 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981). This approach was trenchantly criticized by Judge McKay in his dissent in the same case. 634 F.2d 1300–04.

Another approach, and in our view the preferable one, would be to analogize judicial abortion of a previously accepted guilty plea and plea bargain to judicial declaration of a mistrial after jeopardy has attached— *i.e.,* to hold that jeopardy attaches upon acceptance of the guilty plea, but to allow the district court to rescind acceptance at any time before sentencing and judgment upon a showing of "manifest necessity," the standard for declaring a mistrial over the defendant's objection, *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). It might even be argued that since double jeopardy interests

are less implicated by plea bargains and Rule 11 proceedings than by mistrials, a showing of less than "manifest necessity" should suffice.

Even, however, were we to adopt such a standard, the result would not be different in this case because the procedure followed by the district court contravened Federal Rules of Criminal Procedure 11(e) and 32(c). Although there may be times when a judge can change his mind after accepting a guilty plea without violating the double jeopardy clause, he must do so within the framework of the Federal Rules.

Federal Rule of Criminal Procedure 11(e) allows a court, upon notification that the defendant's guilty plea is the result of a plea bargain with the government, to do one of three things. It may accept the agreement or reject it, or may defer its decision until there is an opportunity to review the presentence report. Fed.R. Crim.P. 11(e); *see United States v. Blackwell,* 694 F.2d 1325, 1338 (D.C.Cir.1982); 8 R. Cipes, I. Hall & M. Waxner, Moore's Federal Practice ¶ 11.05[2], at 11–89 to –90. The court may opt for the latter of these choices only if it has the defendant's consent to review the presentence report. Fed. R.Crim.P. 11 advisory committee note (1974 amendment); *see* Fed.R.Crim.P. 32(c)(1); *United States v. Sonderup,* 639 F.2d 294, 295 (5th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426 (1981); *United States v. Harris,* 635 F.2d 526, 528 (6th Cir.1980), *cert. denied,* 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 847 (1981).

There is no authority for the district court's actions in the instant case. Of course, the court initially had discretion to accept or reject the plea agreement or defer determination until, with the defendant's permission, it had examined the presentence report. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). But, once the court accepted the agreement, thereby binding the defendant and prosecution, it could not simply

viewed as a single prosecution under the continuing jeopardy doctrine, and in any event defendant's challenge to the plea waived any

double jeopardy objections that might otherwise have arisen.

change its mind on the basis of information in the presentence report, at least where that information revealed less than fraud on the court.

While this is a case of first impression in this circuit the legal issue before us has been addressed by the District of Columbia Circuit, *see United States v. Blackwell,* 694 F.2d 1325 (D.C.Cir.1982), and we agree fully with its reasoning.

> Rule 11 appears to speak unequivocally; if the plea is accepted, the judge does not announce any deferral of that acceptance, and the defendant adheres to the terms of the bargain, all parties to it are bound.... [T]he mere postponement of sentencing itself to a future date does not authorize the judge to remake or vacate the plea bargain for whatever reasons later seem appropriate to her.

*Id.* at 1339.

The circumstances in this case are particularly egregious given the district court's reliance on the presentence report as its sole justification for vacating the plea. Federal Rule of Criminal Procedure 32(c)(1) governs the submission of presentence reports to the trial court. The rule states that "[t]he report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time." Fed.R.Crim.P. 32(c)(1). In *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), the Supreme Court held that a violation of Rule 32 through submission of a presentence report to a court before the defendant pleads guilty or is convicted "constitutes error of the clearest kind." *Id.* at 492, 89 S.Ct. at 1136. The Court explained that since these reports are composed chiefly of hearsay and facts that are collateral to the central issue of the defendant's guilt or innocence in the instant case, a trial court's exposure to the report could seriously prejudice the defendant. *Id.*

In light of *Gregg,* Rule 32 was amended to permit a district court to review the presentence report before accepting a defendant's guilty plea, but only if the defendant consents to such review. *See* Fed.R.Crim.P. 32(c)(1); Fed.R.Crim.P. 32 advisory committee note (1974 amendment); *United States v. Sonderup,* 639 F.2d at 296; 8A R. Cipes, I. Hall & M. Waxner, Moore's Federal Practice ¶ 32.03[2], at 32–35. This change of procedure was also incorporated into Rule 11(e), which was amended to allow a court to defer acceptance of a plea agreement until it has reviewed the presentence report. As the advisory committee notes accompanying the rule make clear, such review "is made possible by rule 32 which allows a judge, *with the defendant's consent,* to inspect a presentence report to determine whether a plea agreement should be accepted." Fed.R.Crim.P. 11 advisory committee note (1974 amendment) (emphasis added).

The district court's actions in this case seriously, if not completely, undermined the protection afforded the defendant by Rules 11 and 32. It appears from a literal reading that the court below fully complied with Rule 32; it reviewed defendant's presentence report only after it accepted his plea of guilty. But, the court relied on the information it obtained from the report to justify its vacation of the plea. Under Rules 11 and 32, the court could not use this information in its initial decision to accept or reject the plea unless it had defendant's consent. If a court were entitled to use the report to vacate a plea agreement it had previously accepted, there would be no reason to obtain the defendant's consent to use the report during its initial consideration of the plea agreement. It could accept the agreement unconditionally, read the presentence report in accordance with Rule 32, and then, on the basis of the report, simply change its mind and revoke its earlier acceptance. This would completely vitiate the protective consent requirements embodied in Rules 11(e) and 32(c)(1).

We hold that, under these facts, jeopardy attached when defendant's plea of guilty was accepted. The information charging defendant with simple possession under 21

U.S.C. § 844(a) is reinstated. The case is remanded for sentencing; the district court is, of course, not bound by the government's sentence recommendation.

SO ORDERED.