**FOURTH STREET PHARMACY, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, Respondent.**

No. 87–2226.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1987.

Decided Jan. 14, 1988.

J. Douglas Austin, Watertown, S.D., for petitioner.

Harry S. Harbin, Washington, D.C., for respondent.

Before ARNOLD, FAGG, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Fourth Street Pharmacy, Inc. (Fourth Street), petitions for review of a final order of the United States Department of Justice, Drug Enforcement Administration (DEA), revoking the certificate of registration that permitted Fourth Street to dispense certain controlled substances and denying Fourth Street's pending application for renewal of that registration. *See* 21 U.S.C. § 822. We affirm.

Fourth Street is a retail pharmacy in Watertown, South Dakota. As a result of

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

an investigation by the Medicaid Fraud Unit of the South Dakota Attorney General's office, Fourth Street pled guilty in South Dakota state court to one felony charge of dispensing a Schedule IV substance without a prescription. *See* S.D. Codified Laws Ann. §§ 22–42–4.1 (Rev. 1979); 34–20B–26(7) (Rev. 1986). As part of the plea bargain entered into with the state, Fourth Street was ordered to pay a $5000 fine and make restitution of over $21,000 to the state's Medicaid Program.

Approximately one year after Fourth Street pled guilty, the DEA began proceedings to revoke Fourth Street's federal certificate of registration and to deny a pending application for renewal of that registration. An evidentiary hearing was held, and the Administrative Law Judge (ALJ) found Fourth Street had engaged in the following misconduct after receiving warnings from investigators: dispensing drugs without proper physician-authorized prescriptions and improperly refilling prescriptions; falsifying prescription records; dispensing one drug while billing the Medicaid Program for another; billing Medicaid for drugs not actually dispensed to customers; and preparing false prescriptions in the name of a deceased customer. The parties also stipulated Fourth Street had been convicted after a guilty plea of the South Dakota felony, which the ALJ found was a felony related to a controlled substance.

Based on this evidence, the ALJ recommended revocation of Fourth Street's registration and denial of its pending renewal application. The DEA adopted the ALJ's recommendation in its entirety, finding that Fourth Street's

> continued failure to comply with the law regarding prescriptions for controlled substances; the unprofessional conduct in handling the business of the pharmacy, including billing the State of South Dakota for unauthorized prescriptions for a dead person; and the fraudulent billing to medicaid, shows that [Fourth Street is] not to be trusted with a DEA Registration.

*See* 52 Fed.Reg. 32,068–69 (1985). The DEA revoked Fourth Street's certificate of

registration and denied any outstanding application for registration. *See id.; see also* 21 U.S.C. §§ 823–24.

Fourth Street contends the DEA's action must be reversed because: (1) the ALJ's finding with regard to three unauthorized prescriptions is based on hearsay testimony, is not supported by substantial evidence, and was prejudicial to the ALJ's other findings and conclusions; (2) the ALJ improperly limited cross-examination regarding the method by which South Dakota computed the amount of Fourth Street's fraudulent Medicaid billings; (3) the sanction of revoking Fourth Street's DEA certificate of registration was an excessive penalty constituting an abuse of discretion; and (4) the DEA was precluded from revoking Fourth Street's certificate of registration because the plea bargain agreement between Fourth Street and the South Dakota Attorney General was intended to bar further state or federal action against Fourth Street. We reject each of these contentions.

Initially, we have reviewed the record and conclude all the ALJ's findings, including those specifically challenged by Fourth Street, as well as the ALJ's ultimate decision, are supported by substantial evidence in the record as a whole. *See* 5 U.S.C. § 706; *American Textile Mfrs. Inst., Inc. v. Donovan,* 452 U.S. 490, 522–23, 101 S.Ct. 2478, 2497, 69 L.Ed.2d 185 (1981); *Bell Helicopter Internat'l, Inc. v. Jacobs,* 746 F.2d 1342, 1344 (8th Cir.1984). We also find no error in limiting as irrelevant cross-examination regarding the state's computation of the amount of fraudulent Medicaid payments in view of the fact Fourth Street does not attack the relevant finding that improper billings actually were submitted.

 In addition, we may interfere with the DEA's decision to revoke Fourth Street's certificate of registration only if the decision is not permitted by law or is unjustified by the facts. *See Brickner v. FDIC,* 747 F.2d 1198, 1203 (8th Cir.1984) (citing *Butz v. Glover Livestock Comm'n Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455,

1457–58, 36 L.Ed.2d 142 (1973)). Here, the sanction was permissible because the DEA is authorized by statute to revoke Fourth Street's registration on account of the state felony conviction alone. *See* 21 U.S.C. § 824(a)(2); *Fitzhugh v. Drug Enforcement Admin.*, 813 F.2d 1248, 1252, 1253 (D.C. Cir.1987). Further, in light of the findings of other wrongful acts committed by Fourth Street, the facts in this case beyond the felony conviction show revocation was not an abuse of discretion. *See* 21 U.S.C. § 824(a)(4); *Noell v. Bensinger*, 586 F.2d 554, 558–59 (5th Cir.1978).

■ Finally, neither plea agreements negotiated by state prosecutors to which the federal government is not a party, nor subjective expectations of the parties regarding future federal action prevent federal agencies from independently enforcing compliance with federal law. *See, e.g., United States v. Fitzhugh*, 801 F.2d 1432, 1434–35 (D.C. Cir.1986) (plea to federal charge). The DEA did not participate in negotiating Fourth Street's plea agreement, and there is no proof in this record of an agency relationship between the South Dakota Attorney General and the federal government with regard to this agreement. Thus, the South Dakota Attorney General could not and did not have authority to bind the DEA to a promise to refrain from instituting lawful regulatory action to revoke Fourth Street's certificate of registration.

The DEA's order is affirmed. Fourth Street's request for a stay of our mandate beyond the standard time allotted by rule is denied. *See* Fed.R.App.P. 41.