**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Oswaldo CORDOVA–PEREZ,
Defendant–Appellant.**

No. 94–30298.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1995.

Decided Sept. 25, 1995.

Michael Donahoe, Assistant Federal Public Defender, Helena, MT, for defendant-appellant.

Robert J. Brooks, Assistant United States Attorney, Butte, MT, for plaintiff-appellee.

Before: SKOPIL, FERGUSON and THOMPSON, Circuit Judges.

Opinion by Judge THOMPSON; Dissent by Judge FERGUSON.

THOMPSON, Circuit Judge:

Carlos Oswaldo Cordova–Perez was convicted in federal district court of violating 8 U.S.C. § 1326(b)(2). In this appeal, he contends his prosecution was precluded by a state court plea agreement. He also contends the district court violated Rules 11(e) and 32(b)(3) of the Federal Rules of Criminal Procedure when, after accepting his plea of guilty to a lesser charge, the district court reviewed his presentence report, changed its mind on the basis of information contained in the report, revoked its earlier acceptance, and forced him to go to trial for the greater crime, of which he was convicted. Cordova–Perez also argues his trial on the greater charge violated the Double Jeopardy Clause of the United States Constitution.

We have jurisdiction under 28 U.S.C. § 1291. We reject each of Cordova–Perez's arguments and affirm his conviction.

I

On October 21, 1993, Cordova–Perez was arrested in Whitefish, Montana and charged in state court with possession of dangerous drugs with intent to sell. He entered a plea agreement, pursuant to which a 10–year sentence was suspended, and he was to be released to the custody of federal immigration officials for deportation to El Salvador. While he was still in state custody, he was indicted on the federal charge of unlawful reentry into the United States after having been deported as an aggravated felon, a violation of 8 U.S.C. § 1326(b)(2).

Cordova–Perez pleaded not guilty to the federal charge. He then moved to dismiss the indictment on the ground that his plea agreement in state court contemplated that he would be deported to El Salvador in exchange for his guilty plea to the state drug charge, and that he would not be subjected to further criminal proceedings. The district court denied the motion, finding that the state court plea agreement did not preclude Cordova–Perez's prosecution in federal court.

Cordova–Perez then entered a plea agreement with the United States Attorney's Office. Under the terms of this agreement, he agreed to plead guilty to a separate information charging him with a violation of the lesser offense of 8 U.S.C. § 1326(a), in exchange for dismissal of the greater offense for which he had been indicted. By this agreement, Cordova–Perez avoided the 15–

year statutory maximum sentence for the greater offense, section 1326(b)(2), and limited his prison-term exposure to two years on the lesser offense, section 1326(a).

On March 8, 1994, the parties appeared before the district court for a change-of-plea hearing. After ascertaining that Cordova–Perez was acting voluntarily and understood the rights he was waiving by pleading guilty, the district court accepted his guilty plea to the lesser offense. The court then ordered a presentence report, and scheduled sentencing for a later date.

By the time the matter was called for sentencing, the court had reviewed Cordova–Perez's presentence report. Having reviewed that report, the court concluded it could not accept the plea agreement. The court explained that the plea agreement did not reflect the seriousness of Cordova–Perez's actual offense behavior, undermined the Sentencing Guidelines, and was contrary to the public interest. The court then rejected the plea agreement, vacated Cordova–Perez's guilty plea to the lesser offense, reinstated the original indictment, and set the matter for trial. After a jury trial, Cordova–Perez was found guilty and sentenced to 70 months imprisonment. This appeal followed.

## II

We first consider Cordova–Perez's argument that the disposition of the state court proceedings precluded his federal prosecution.

■ We agree with Cordova–Perez that the parties to the state plea agreement, as well as the state court, contemplated he would be deported after pleading guilty to

the state charge. No one considered the possibility that he would be subjected to a separate federal prosecution.[1] But it is well settled that states cannot bind the federal government to the terms of a plea agreement to which the federal government is not a party. *See, e.g., Fourth Street Pharmacy v. U.S. Dept. of Justice,* 836 F.2d 1137, 1139 (8th Cir.1988).[2]

Perhaps because he recognizes this principle, Cordova–Perez asserts that an INS agent who was present at his change-of-plea hearing in state court promised he would be deported immediately and would not be prosecuted federally. Cordova–Perez argues that he and the state court relied on this promise, and the promise binds the federal government.

■ We reject this argument. The INS agent's comments were a straightforward response to a question posed by the state court judge regarding deportation procedures. There was no promise. Moreover, even if the agent's comments could be construed as an implied promise that Cordova–Perez would not be prosecuted in federal court, Cordova–Perez is not entitled to the relief he seeks because he has not established that the INS agent was authorized to bind the United States Attorney. *See United States v. Fuzer,* 18 F.3d 517, 520–21 (7th Cir.1994).

## III

Cordova–Perez next contends the district court violated Rules 11(e) and 32(b)(3) of the Federal Rules of Criminal Procedure when, based on information it obtained from his presentence report, the court rejected the

---

1. At the change-of-plea hearing in state court, the court asked Cordova–Perez whether he understood that, if the court accepted the plea agreement, he would receive a suspended sentence and then "be turned over to the Immigration and Naturalization Service." Cordova–Perez stated he expected a "[s]uspended sentence. To be deported back to my home." The state prosecutor confirmed that under the terms of the agreement, Cordova–Perez would be deported. She responded affirmatively to the court's question whether "the contemplation is then that the defendant would be deported back to El Salvador." She also told the court: "I believe that if the Court accepts this recommendation, that it will

be approximately twelve to fifteen days before he's picked up by the officer for deportation; and during that time, he would be ordered remanded to the custody of the Sheriff." Finally, upon imposing sentence, the state court ordered that Cordova–Perez "be released upon an appropriate schedule to the immigration officers for deportation proceedings to El Salvador."

2. This principle was embodied in the plea agreement itself, which explicitly stated it "is limited to the Flathead County Attorney's Office and cannot bind other state, local or *federal* prosecuting authorities."

plea agreement and vacated his guilty plea, after having previously accepted the plea "unconditionally."

■ Federal Rule of Criminal Procedure 11(e) provides that when a defendant offers to plead guilty "to a charged offense or to a lesser related offense" in exchange for the government's promise to "move for dismissal of other charges," the court has three options. Fed.R.Crim.P. 11(e)(1)(A).[3] It may accept the plea agreement, it may reject the agreement, or it may defer its decision until it has had the opportunity to consider the presentence report. Fed.R.Crim.P. 11(e)(2).

■ Rule 32(b)(3) provides that the presentence "report must not be submitted to the court ... unless the defendant has consented in writing, has pleaded guilty or nolo contendere, or has been found guilty." Fed. R.Crim.P. 32(b)(3). The purpose of Rule 32(b)(3) is to protect the defendant from the prejudice that might result if, before he is convicted, the court is exposed to the contents of the presentence report, which typically contains hearsay information and facts collateral to the issue of guilt or innocence. *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).

Cordova–Perez argues the interplay between Rules 11(e) and 32(b)(3) precludes a court from accepting a guilty plea, viewing the presentence report without the defendant's consent on the basis of that plea, and then revoking its previous acceptance of the plea based on information it learns from the presentence report. In support of this contention, Cordova–Perez relies on *United States v. Cruz,* 709 F.2d 111, 113–114 (1st Cir.1983).

In *Cruz,* the district court unconditionally accepted a guilty plea to a lesser offense but, after reviewing the presentence report, vacated the plea and reinstated the original indictment charging a greater crime. The defendant was tried and convicted of the greater offense. On appeal, the First Circuit vacated the conviction, reinstated the guilty plea to the lesser charge, and remanded for resentencing. The court held that once the district court unconditionally accepted the guilty plea, it could not change its mind on the basis of information contained in the presentence report. The court reasoned that:

> Under Rules 11 and 32, the court could not use this information in its initial decision to accept or reject the plea unless it had the defendant's consent. If a court were entitled to use the report to vacate a plea agreement it had previously accepted there would be no reason to obtain the defendant's consent to use the report during its initial consideration of the plea agreement. It could accept the agreement unconditionally, read the presentence report in accordance with Rule 32, and then, on the basis of the report, simply change its mind and revoke its earlier acceptance. This would completely vitiate the protective consent requirements embodied in Rules 11(e) and 32(c)(1).[4]

*Id.* at 115.

■ *Cruz* does not support Cordova–Perez's argument. Here, unlike in *Cruz,* the district court's acceptance of Cordova–Perez's guilty plea was not unconditional. Although the court told Cordova–Perez at his change of plea hearing that it "accepts your guilty plea," the court's acceptance of the plea was—as we explain below—impliedly contingent on its review of the presentence report. Thus, the court retained discretion to reject the plea based on information it subsequently learned from the presentence report.[5]

■ The court was not required to obtain Cordova–Perez's written consent before reviewing the presentence report. A conditional acceptance of a guilty plea satisfies the requirement of Rule 32(b)(3) which provides that the court can review the presentence report after the defendant has pleaded

---

**3.** The other types of plea agreements described in Rule 11(e)(B) and (C) are not relevant to this case.

**4.** Rule 32(c)(1) was the predecessor to Rule 32(b)(3).

**5.** The contingent nature of the court's acceptance of the guilty plea distinguishes this case from *United States v. Partida–Parra,* 859 F.2d 629 (9th Cir.1988).

guilty. The possibility that the court might set aside the guilty plea after it has read the presentence report is a risk inherent in the bargain a defendant makes when he agrees to the court's conditional acceptance of his guilty plea. Here, that acceptance was conditional.

■ Although, as was the case in *Cruz*, the court did not attach any explicit conditions to its acceptance of the plea, it is clear the court did not accept the plea *agreement.* When the plea agreement was presented to the district court and the court accepted the plea, the court said nothing about accepting or rejecting the agreement. We cannot infer from the court's silence that it accepted the agreement.[6] Nor can we infer the court rejected the agreement. We know, however, that the court ordered a presentence report. We also know the only option remaining under Rule 11(e) was for the court to defer its decision whether to accept or reject the plea agreement until it had reviewed the presentence report. By necessary implication, this is what the court did.[7] It had no other option.

■ The viability of the plea agreement controls the viability of the plea. If the former is subject to review of the presentence report, so is the latter. The plea agreement and the plea are "inextricably bound up together" such that deferment of the decision whether to accept the plea agreement carried with it postponement of the decision whether to accept the plea.

*United States v. Sanchez,* 609 F.2d 761, 762 (5th Cir.1980). This is so even though the court explicitly stated it accepted Cordova–Perez's plea. *United States v. Foy,* 28 F.3d 464, 470–71 (5th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994).

We recognize that the facts in *Cruz* were similar to the facts of this case in that there, as here, the district court had accepted the defendant's guilty plea without attaching any explicit conditions to its acceptance. The First Circuit treated this acceptance as an unconditional acceptance of the plea *and* plea agreement, even though the district court had not explicitly accepted the plea agreement. But *Cruz*'s precedential value has been eroded by the intervening implementation of the United States Sentencing Guidelines. *Foy,* 28 F.3d at 471.[8] Guidelines § 6B1.1(c) provides that "[t]he court *shall* defer its decision to accept or reject ... any plea agreement ... until there has been an opportunity to consider the presentence report." USSG § 6B1.1(c) (emphasis added). Thus, whereas before the advent of the Sentencing Guidelines there was no question a district court had the option under Rule 11(e) to accept a plea agreement without reviewing a presentence report, according to guidelines § 6B1.1(c) prior review of the report is now mandatory.

Notwithstanding the enactment of guidelines § 6B1.1(c), Cordova–Perez argues the district court still retains the power to accept a plea agreement without reviewing a pre-

---

6. Codova–Perez relies on *United States v. Holman,* 728 F.2d 809 (6th Cir.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984), for the proposition that when a court fails to indicate the status of the plea agreement at the time the plea is offered, the ambiguity must be construed in favor of the defendant and against the court because the court has control over clarity. *Id.* at 812. As the Sixth Circuit has recognized, however, *Holman* is no longer good law after enactment of the Sentencing Guidelines. *United States v. Kemper,* 908 F.2d 33, 35 (6th Cir.1990); *Fields v. United States,* 963 F.2d 105, 107–08 (6th Cir.1992). *But see United States v. Skidmore,* 998 F.2d 372 (6th Cir.1993) (citing *Holman,* without mentioning *Kemper* and *Fields,* for the proposition that failure to indicate the status of the plea agreement at the time a court accepts a guilty plea operates as an acceptance of the agreement).

7. In fact, this is exactly what the district court, at the time of Cordova–Perez's sentencing, said it had done. At Cordova–Perez's sentencing hearing, the court stated:

 [A] few months ago, the court accepted the defendant's plea of guilty to an information which had been filed; but, of course, did not accept the plea agreement. And instead the court followed its usual practice of deferring decision about whether to accept or reject the plea agreement until after having viewed the presentence report.

8. *Cruz* has also been disapproved because it was influenced partly by double jeopardy concerns which are inconsistent with *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). *See United States v. Foy,* 28 F.3d at 471 n. 13; *United States v. Kurkculer,* 918 F.2d 295, 301 n. 9 (1st Cir.1990).

sentence report, because this is what Rule 11(e) says it can do. We need not resolve whatever tension there may be between Rule 11(e) and guidelines § 6B1.1(c). *Cf. United States v. Kemper,* 908 F.2d 33, 36 (6th Cir. 1990); *Fields v. United States,* 963 F.2d 105, 108 (6th Cir.1992) (holding that, after § 6B1.1(c), a district court's acceptance of a plea agreement is necessarily contingent on its review of the presentence report). Here, as we have said, we are satisfied the district court deferred its decision whether to accept or reject the plea agreement until it had reviewed the presentence report. And the deferral of this decision necessarily made the court's acceptance of Cordova–Perez's plea conditional.

## IV

Finally, Cordova–Perez argues he was twice placed in jeopardy, in violation of the Double Jeopardy Clause of the United States Constitution, when the district court vacated his plea of guilty to the lesser charge of violating section 1326(a) and ordered him to stand trial on the greater charge of violating section 1326(b)(2).

 We reject Cordova–Perez's double jeopardy argument. As stated above, the district court's acceptance of Cordova–Perez's guilty plea was conditional. Therefore, jeopardy did not attach upon the court's acceptance of the plea. *United States v. Sanchez,* 609 F.2d at 763. There was no double jeopardy violation.

## CONCLUSION

We hold that the district court properly denied Cordova–Perez's motion to dismiss the indictment. The disposition of his state drug charge did not preclude his prosecution in federal court. We also hold there was no violation of the Federal Rules of Criminal Procedure or the Double Jeopardy Clause when the district court vacated Cordova–Perez's guilty plea to a violation of section 1326(a), and required him to stand trial on the more serious charge of violating section 1326(b)(2).

AFFIRMED.

FERGUSON, Circuit Judge, dissenting:

Because the district court violated both the Constitution and the Federal Rules of Evidence by *sua sponte* vacating the defendant's accepted guilty plea, I must dissent.

The defendant in this case was charged in a one count indictment for unlawful entry into the United States after having been deported as an aggravated felon. 8 U.S.C. § 1326(b)(2). He pleaded not guilty, but subsequently entered into a plea agreement with the government. In accord with the plea agreement, the defendant agreed to plead guilty to the lesser included offense of illegal reentry, 8 U.S.C. § 1326(a), in exchange for dismissal of the greater offense.

At his change-of-plea hearing, the defendant pleaded guilty to the lesser included offense. The district judge questioned the defendant and ascertained that the he was acting voluntarily, that he understood all his rights, and that there was a factual basis for the plea. The district judge unconditionally accepted his guilty plea to the lesser included offense.

The district court then ordered a presentence report. After reading the report, the district judge rejected the plea agreement and, over defendant's objection, vacated the guilty plea to the lesser included offense and set the matter for trial. The defendant was convicted and sentenced to seventy months imprisonment. The maximum sentence allowable on the lesser included offense was two years.

While the district court may have had the authority to reject the plea agreement, it did not have the authority to vacate the defendant's plea after it had been accepted nor did it have the authority to sentence the defendant to a prison term longer than that permitted for the offense for which the court had accepted the defendant's guilty plea.

## I.

The first and most important issue in this case is whether jeopardy attached when the district court accepted the defendant's guilty plea to the lesser included offense. Jeopardy attaches upon acceptance of a guilty plea.

*United States v. Smith,* 912 F.2d 322, 324 (9th Cir.1990) (holding that "jeopardy ordinarily attaches upon the acceptance of a guilty plea, in part, because it is the formal plea that exposes the defendant to conviction"); *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969) (holding that "[a] plea of guilty ... is itself a conviction ... [after which] nothing remains but to give judgment and determine punishment").

The Supreme Court in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), held that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been convicted on a lesser included offense. *Id.* at 169, 97 S.Ct. at 2227. Section 1326(a) to which the defendant pleaded guilty is a lesser included offense of 8 U.S.C. § 1326(b)(2). Under *Blockburger,* two offenses are separate if "*each* ... requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (emphasis added). Section 1326(b)(2) defines a violator as "any alien described in ... subsection [ (a) ] ... (2) whose deportation was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Section 1326(a) requires no proof of an element not included in § 1326(b)(2) and is therefore a lesser included offense.

The majority rely on *United States v. Sanchez,* 609 F.2d 761, 763 (5th Cir.1980), for their proposition that jeopardy did not attach upon the district court's acceptance of the defendant's plea. In *Sanchez,* however, the district court explicitly deferred acceptance of *both* the plea and the plea agreement. The *Sanchez* Court even recognized in dictum that if the offense to which the defendant pleaded guilty had been established as a lesser included offense, then double jeopardy would have barred his prosecution on the greater offense. *Id.* at 762 (citations omitted). Here, unlike *Sanchez,* the district court accepted the defendant's plea to a lesser included offense; therefore, the court was constitutionally barred from vacating the accepted plea and allowing the defendant to be tried on the greater charge. *Brown,* 432 U.S. at 169, 97 S.Ct. at 2227.

The Double Jeopardy Clause not only applies to this case, but it demands that the defendant's original plea be reinstated and that he be resentenced in accord with that plea.

## II.

The second issue in this case is whether the district court was precluded by the Federal Rules of Evidence from vacating the defendant's accepted plea. The majority holds that there was no violation of either Rule 11(e) or Rule 32(b)(3) because the district court *implied* that its acceptance of the defendant's plea was conditioned on its review of the presentence report. The record is clear, however, that the district court did not condition its acceptance of the defendant's plea.

The majority recognize that Rule 32(b)(3) was enacted to protect defendants from the prejudice that might result if, before being convicted, the court is exposed to the contents of a presentence report, which typically contains hearsay and facts collateral to the issue of guilt or innocence. *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969); *United States v. Cruz,* 709 F.2d 111, 115 (1st Cir.1983). Rule 11(e) governs plea agreements and establishes that a district court may choose to accept an agreement, to reject an agreement, or to defer its decision until it has had the opportunity to review the presentence report. Fed.R.Crim.P. 11(e)(2). In *Cruz,* the First Circuit considered the interplay between Rules 11 and 32, recognizing that these rules preclude a trial court from using information contained in the presentence report in its initial decision to accept or reject a plea, unless it has the defendant's consent. *Cruz,* 709 F.2d at 115. This makes good sense. To hold otherwise "would completely vitiate the protective consent requirements embodied in Rules 11(e) and 32[ (b)(3) ]." *Id.*

The majority rely on the Fifth Circuit to support their holding that the plea is "inextricably bound" to the plea agreement. *Sanchez,* 609 F.2d at 762; *United States v. Foy,*

28 F.3d 464 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994). *Sanchez,* however, does not conclude that all pleas are inextricably linked to plea agreements, but rather, finds that the particular plea and plea agreement in issue were not severable. *Sanchez,* 609 F.2d at 762. As discussed *supra,* the majority's reliance on *Sanchez* is misplaced.

In *Foy,* the Fifth Circuit concluded that § 6B1.1(c) of the Sentencing Guidelines makes a district court's acceptance of a guilty *plea* "contingent upon the court's review of the presentence report." *Foy,* 28 F.3d at 471. This conclusion is erroneous for two reasons. First, nothing in the Sentencing Guidelines purports to establish rules for the acceptance of pleas. Chapter 6 of the Guidelines addresses *plea agreements* and recommends that all *plea agreements* be conditionally accepted pending a court's review of the presentence report. USSG § 6B1.1(c), p.s. Such a rule serves a logical end. Plea agreements concern sentencing and the Sentencing Guidelines were drafted with the intent of conforming sentences. A judge's discretion to accept or reject a valid plea is not regulated in any way by the Guidelines. *See United States v. Ewing,* 957 F.2d 115, 117–18 (4th Cir.), *cert. denied,* 505 U.S. 1210, 112 S.Ct. 3008, 120 L.Ed.2d 882 (1992).

The second reason that this Court should reject that Fifth Circuit's reasoning in *Foy* is because Chapter 6 of the Sentencing Guidelines contains no substantive guidelines, but consists only of policy statements. Although the Supreme Court has held that where the Guidelines' policy statements interpret substantive guidelines, they are binding on the courts, *Stinson v. United States,* —— U.S. ——, —— —– ——, 113 S.Ct. 1913, 1917–18, 123 L.Ed.2d 598 (1993); *Williams v. United States,* 503 U.S. 193, 200–201, 112 S.Ct. 1112, 1119–20, 117 L.Ed.2d 341 (1992), the policy statements in Chapter 6 do not interpret substantive guidelines.

The Sentencing Guidelines itself explains that:

> The Commission decided *not* to make major changes in plea agreement practices in the initial guidelines, but rather to provide guidance by issuing general policy statements concerning the acceptance of plea agreements in Chapter Six, Part B (Plea Agreements). *The rules set forth in Fed. R.Crim.P. 11(e) govern the acceptance or rejection of such agreements.*

USSG Ch. 1, Pt. A(4)(c) (emphasis added). While the Supreme Court amended Rule 32 to conform to the Guidelines, it has not amended Rule 11(e)(2). The language of Rule 11(e)(2) giving a court discretion in whether to accept, reject or defer acceptance of a plea agreement pending review of the presentence report conflicts with the recommendations in Chapter 6 of the Sentencing Guidelines. According to the Supreme Court in *Williams* and to the Guidelines themselves, the Federal Rule governs in such a conflict. *Williams,* 503 U.S. at 200–201, 112 S.Ct. at 1119–20; USSG Ch. 1, Pt. A(4)(c).

The Supreme Court has had ample time to amend Rule 11 to conform to the Guidelines' policy statement on plea agreements, but has chosen not to do so. This Circuit continues to hold that a plea accepted in open court is binding on the parties. *United States v. Floyd,* 1 F.3d 867, 870 (9th Cir.1993); *United States v. Savage,* 978 F.2d 1136, 1138 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1613, 123 L.Ed.2d 174 (1993); *United States v. Partida–Parra,* 859 F.2d 629, 631 (9th Cir.1988).

I must agree with the First Circuit's analysis in *Cruz* and remind the majority of our own prior decision in *United States v. Partida–Parra,* 859 F.2d 629 (9th Cir.1988). In that case, we held that "a district court's authority under the [Federal] Rules to revisit an accepted guilty plea is limited." *Id.* at 632 (quoting *United States v. Blackwell,* 694 F.2d 1325, 1338–39 (D.C.Cir.1983)). The Federal Rules only allow the court to vacate a plea under three circumstances: (1) if it subsequently discovers there is no factual basis for the plea; (2) upon a showing by the defendant of any fair and just reason, or (3) if there has been fraud on the court. *Id.* at 631–32. None of these circumstances exists in this case. *See also United States v. Kurkculer,* 918 F.2d 295, 301 (1st Cir.1990).

The majority claim that neither *Cruz* nor *Partida–Parra* are good law any longer be-

cause they were decided before the enactment of the Sentencing Guidelines. As explained *supra*, Section 6B1.1(c) simply does not speak to this issue. The majority reaches its decision by finding a conditional acceptance of a guilty plea where one does not exist. The district court unequivocally accepted the defendant's guilty plea to the lesser included offense of illegal reentry. 8 U.S.C. § 1326(b)(2). As a result, he cannot be tried and sentenced for the greater crime of unlawful entry into the United States after having been deported as an aggravated felon. 8 U.S.C. § 1326(b)(2).

In this case, the defendant pleaded not guilty to the lesser crime and that plea was accepted. It was a violation of both the Constitution and the Federal Rules of Evidence for the district court to *sua sponte* vacate his plea and to subsequently try and convict him on the greater offense. The Sentencing Guidelines cannot change that. This case should be remanded for sentencing in accord with the offense for which the defendant's plea was accepted—illegal reentry.