UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert E. HYDE, Defendant–Appellant.

No. 95–10113.

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1997.

Jonathan D. Soglin, Oakland, California, and Robert E. Hyde, pro se, San Francisco, California, for the defendant-appellant.

Joel R. Levin, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Robert Elmer Hyde was indicted for mail fraud and wire fraud. *See* 18 U.S.C. §§ 1341, 1343, 2(b). He entered into a plea agreement, and the district court accepted his plea. Hyde then sought to withdraw his plea, but the district court refused to allow him to do so. He appealed.

We agreed that the district court had erred and we reversed. *United States v. Hyde*, 82 F.3d 319 (9th Cir.), *amended*, 92 F.3d 779 (1996). However, the United States Supreme Court disagreed; it reversed us. *United States v. Hyde*, — U.S. —, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). Therefore, we now affirm the district court's determination.[1]

AFFIRMED.

FERGUSON, Circuit Judge, concurring:

Our original disposition of this case relied on the rule of *United States v. Cordova–Perez*, 65 F.3d 1552 (9th Cir.1995), a case in which I dissented. In *Cordova–Perez*, the majority decided that jeopardy did not attach for double jeopardy purposes at the acceptance of a guilty plea because the district court's acceptance of the plea agreement was only conditional and "the viability of the plea agreement controls the viability of the plea." *Id.* at 1556. However, in reversing our decision in *Hyde*, the Supreme Court noted with approval the following Advisory Committee Notes:

> Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely tentative, subject to withdrawal before sentence whenever the government cannot establish prejudice.... [A] guilty plea is ... a grave and solemn act, which is accepted only with care and discernment.

*United States v. Hyde*, — U.S. at —, 117 S.Ct. at 1634, D.A.R. 6597, 6599 (1997) (quoting Advisory Committee Notes on Fed. Rule Crim. Proc. 32, 18 U.S.C.App., p. 794) (alteration in *Hyde*, internal citations omitted).

I submit this concurring opinion in order to emphasize that the Supreme Court's reversal of our decision in *Hyde* also calls into question the continued viability of *Cordova–Perez.*

---

**1.** Hyde has also raised additional issues, which we will dispose of in a memorandum disposition.