UNITED STATES of America, Plaintiff—Appellee,

v.

Gustavo MOLINA–VALENZUELA, Defendant—Appellant.

No. 02–50060.
D.C. No. CR–00–00214–FMC–01.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

Following a remand for resentencing, Gustavo Molina–Valenzuela appeals his conviction and sentence for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. Molina–Valenzuela contends that the district court erred by denying (1) his motion to dismiss

the indictment[1] and (2) his request for a downward departure at sentencing on the basis of outrageous government conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Molina–Valenzuela contends that an agent of the Immigration and Naturalization Service ("INS") promised him that he would not be charged with illegal reentry if he stipulated to reinstatement of a previous deportation order and waived his right to a deportation hearing. He further contends that the government acted outrageously by breaking this promise and prosecuting him. We disagree.

■ The district court correctly found that, even if the INS agent actually made the promise, Molina–Valenzuela was not entitled to dismissal of the indictment because he did not establish that the INS agent was authorized to bind the United States Attorney. *See United States v. Cordova–Perez*, 65 F.3d 1552, 1554 (9th Cir.1995), *cert. denied*, 519 U.S. 838, 117 S.Ct. 113, 136 L.Ed.2d 65 (1996); *accord Thomas v. I.N.S.*, 35 F.3d 1332, 1338 (9th Cir.1994) ("compliance by the government with promises made during plea bargaining and analogous contexts generally requires that the agent be authorized to make the promise").

Molina–Valenzuela also contends that the district court erroneously concluded that it lacked authority to grant a downward departure under the Sentencing Guidelines. This argument is not persuasive.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Molina–Valenzuela could have challenged the district court's denial of his motion to dismiss the indictment in his first appeal but did not do so. Nevertheless, we will consider

this issue because it is intertwined with Molina–Valenzuela's challenge to the resentencing proceedings and the government has fully briefed it. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992) (this court "may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party").

The record demonstrates that the district court was aware of its discretion to depart downward but chose not to do so based on its previous ruling that there had been no misconduct by the United States Attorney. This discretionary decision is not subject to our review. *See United States v. Tucker*, 133 F.3d 1208, 1219 (9th Cir.1998). Moreover, the district court complied with Fed.R.Crim.P. 32(c) by making findings on all controverted matters at the resentencing hearing.

**AFFIRMED.**